J-S12029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FERNANDO ROSARIO | : | |
| | : | |
| Appellant | : | No. 5 EDA 2020 |

Appeal from the PCRA Order Entered November 25, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000512-2015,
CP-46-CR-0002943-2015

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 8, 2021**

Appellant Fernando Rosario appeals from order dismissing his first Post

Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant argues

that the PCRA court erred by concluding that his PCRA petition was untimely.

For the reasons that follow, we reverse and remand for further proceedings.

The PCRA court summarized the facts and procedural history of this

matter as follows:

> [Appellant], then represented by William Reilly, Esquire [of the
> Public Defender's office (trial counsel)], was found guilty o[f]
> involuntary deviate sexual intercourse, rape . . . , aggravated
> indecent assault, aggravated assault, sexual assault, terroristic
> threats, simple assault, recklessly endangering another person,
> and false imprisonment, following a multi-day jury trial that took

---

[1] 42 Pa.C.S. §§ 9541-9546.

place between March 1, 2016 and March 4, 2016.[2]  [On May 3, 2016, Appellant filed a *pro se* motion to change appointed counsel. The trial court docketed this motion as *pro se* correspondence and forwarded it to Appellant's counsel.]  Sentencing was held on June 1, 2016.  [Appellant] was sentenced to ten (10) to twenty (20) years in a state correctional institution.

Immediately following sentencing, [Appellant] made an oral request for new counsel.  The request was denied, and [trial] counsel was directed to file post-sentence motions should [Appellant] wish to pursue them.  [Appellant] indicated that he did wish to do so.

[While still represented by counsel, Appellant filed a *pro se* motion for leave to proceed *in forma pauperis* on June 3, 2016.  On June 10, 2016, Appellant filed a *pro se* post-sentence motion.  The trial court denied the motion to change counsel on June 29, 2016].  The [trial] court granted [trial] counsel ten (10) additional days from the June 29, 2016 order to file any post-sentence motions. No timely motions were filed in response.

On August 23, 2016, [Christa M. Miller, Esquire, of] the Public Defender's office, on behalf of trial counsel, filed a motion to withdraw and appoint new counsel, indicating that [Appellant's] trial [counsel] had left the office.  The Public Defender's office expressed concern that [Appellant's] rights were not being protected. Francis M. Walsh, Esquire was appointed as [Appellant's] new attorney on September 8, 2016.  Subsequent to his appointment, th[e trial] court, *sua sponte,* reinstated [Appellant's] right to file post-sentence motions and/or a direct appeal, *nunc pro tunc,* by order dated September 13, 2016.  This order granted Attorney Walsh thirty (30) days from the date of the order to either file post-sentence motions or a direct appeal.

\* \* \*

[Attorney Walsh] filed post-sentence motions on November 7, 2016 [seeking a judgment of acquittal and reconsideration of

---

[2] Specifically, Appellant was convicted of one count each of simple assault and recklessly endangering another person at docket number CP-46-CR-0000512-2015 (512-2015).  Appellant was convicted of the rest of the above mentioned counts along with an additional count each of simple assault and recklessly endangering another person at docket number CP-46-CR-0002943-2015 (2943-2015).

sentence], and a response by the Commonwealth was filed on January 6, 2017.

A hearing was held on the post-sentence motions on January 24, 2017, [at which the Commonwealth argued that the motions were untimely, therefore the trial court lacked jurisdiction to modify Appellant's sentence,] and they were denied by order dated January 25, 2017. [Appellant] did not file a direct appeal, and filed the instant[, counseled] PCRA petition on February 23, 2018 [alleging several instances of ineffective assistance of trial counsel]. An answer was filed by the Commonwealth in response to the PCRA [petition] on April 20, 2018, alleging that the PCRA petition was untimely filed. The PCRA [matter] was scheduled for a hearing, however, due to the schedules of the parties, [the hearing] was continued several times. Following a conference with counsel, this court issued an order on December 13, 2018, directing PCRA counsel to file an amendment to the PCRA petition to include any potential exception to the PCRA timeliness requirement. [Appellant] filed an amended PCRA [petition] on January 10, 2019, which was followed by an [a]nswer from the Commonwealth on February 14, 2019. A hearing was held on the PCRA [petition] on May 10, 2019. An order was entered by [the PCRA] court on November 25, 2019 denying the petition as untimely, [which] did not address the merits of the PCRA [petition].

PCRA Ct. Op., 6/22/20, at 1-3 (footnotes and record citations omitted) (some formatting altered).

We add that in his amended PCRA petition, Appellant asserted that his timely *pro se* post-sentence motion should have been accepted because trial counsel abandoned him, and his subsequent counseled post-sentence motion was an amendment to the timely-filed *pro se* motion. Am. PCRA Pet., 1/10/19, at ¶¶ 30-33. In the alternative, Appellant argued that if the trial court's order to reinstate his post-sentence *nunc pro tunc* was improper, then the trial court interfered with the presentation of his PCRA claims. *Id.* at ¶¶

J-S12029-21

34-39. Appellant claimed that his amended PCRA petition was timely filed under the PCRA's governmental interference exception. *Id.* at ¶¶ 40-41.

The trial court docketed Appellant's timely notice of appeal at both docket numbers. The 512-2015 docket and record reflect that Appellant filed a single notice of appeal listing both trial court docket numbers. The 2943-2015 docket also reflects entry of Appellant's notice of appeal, but a copy of the notice of appeal does not appear in that record. Appellant subsequently filed timely court-ordered Pa.R.A.P. 1925(b) statements under both docket numbers and the PCRA court issued a Rule 1925(a) opinion rejecting Appellant's claims and concluding that Appellant's petition was untimely.

On appeal, Appellant raises the following issues for our review:

1. Can the Superior Court hear this appeal under the Rules of Appellate Procedure because [] Appellant through counsel withdrew one of the cases from the appeal leaving one case and one appeal as required by the Rules of Appellate Procedure?

2. Did the PCRA court err by ordering [] Appellant to file an amended . . . PCRA petition raising an exception to the timeliness requirement because [] Appellant filed *pro se* post[-]sentence motions, which were valid because the public defender's office that had been representing [] Appellant through trial had abandoned [Appellant] by not filing any post[-]sentence motions for appeal?

3. Even if [] Appellant's post[-]sentence motions were a nullity, [] Appellant's amended PCRA petition was timely filed within 60 days of the court holding that the initial petition was untimely despite the fact that the court had previously granted the Appellant the right to file amended post-sentence motions *nunc pro tunc* and deciding those motions on the merits and not on the Commonwealth's argument that the motions were untimely, which resulted in official government interference with the timely presentation on the PCRA petition allowing for

- 4 -

the extension of time to file a PCRA pursuant to § 9545(b)(1) of the PCRA?

Appellant's Brief at 3-4 (some formatting altered).[3]

Appellant argues that the PCRA court erred in dismissing his PCRA petition as untimely. In support, Appellant proposes two alternate theories: (1) Appellant's PCRA petition was filed within one year of when his conviction became final, and (2) the instant PCRA petition was timely filed under the governmental interference exception. Appellant's Brief at 11-15.

_____

[3] Appellant's first issue relates to whether this Court can hear this appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). On January 7, 2020, this Court issued a rule to show cause why the appeal should not be quashed pursuant to **Walker**. In response, Appellant filed an application to amend his notice of appeal, with the proposed amended notice of appeal listing only docket number 2943-2015. **See** App. to Amend, 1/23/20. On February 11, 2020, this Court discharged the rule to show cause and deferred the **Walker** issue to the present panel.

In **Walker**, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. "The failure to do so," the Court continued, "will result in quashal of the appeal." **Id.** at 977 (footnote omitted). However, in **Commonwealth v. Floyd**, ___ A.3d ___, 2020 PA Super 287, 2020 WL 7380025 (Pa. Super. filed Dec. 16, 2020), this Court concluded that a breakdown in the operations of the court, which excused strict compliance with **Walker**, occurred when the trial court did not inform a defendant of his appellate rights after imposing sentence or determine on the record that the defendant had been advised of his appellate rights. **Floyd**, 2020 WL 7380025, at *2-3; **see also** Pa.R.Crim.P. 908(E) (stating the PCRA court "shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed"). Instantly, we conclude that a breakdown in the court's operations similar to the one in **Floyd** occurred in this case. **See** Order, 11/25/19. Therefore, we decline to quash this appeal based on **Walker**. **See Floyd**, 2020 WL 7380025, at *2-3. Furthermore, we deny Appellant's application to amend the notice of appeal.

**Timeliness Under Section 9545(b)(1)**

Appellant argues that his conviction became final on February 24, 2017, thirty days after the trial court's January 25, 2017 order denying post-sentence relief. Appellant's Brief at 11. Therefore, Appellant reasons that the instant PCRA petition, filed on February 23, 2018, was timely. *Id.* at 13. In support, Appellant asserts that although he filed a *pro se* post-sentence motion while represented by counsel in June of 2016, that motion was not a legal nullity because trial counsel had abandoned him. *Id.* at 12. Appellant further contends that Attorney Walsh's November 7, 2016 motion was a valid amendment to his timely filed *pro se* motion. *Id.* at 11-12. Therefore, because his *pro se* motion tolled the appeal period, Appellant claims that his sentence became final for PCRA purposes on February 24, 2017 and, as a result, his instant PCRA is timely.

The Commonwealth responds that because Appellant's conviction became final on July 1, 2016, when the time to file a direct appeal expired, the instant PCRA petition is facially untimely. Commonwealth's Brief at 19. The Commonwealth further argues that both of Appellant's post-sentence motions were legal nullities that did not toll the appeal period. *Id.* at 20. The Commonwealth also contends that the trial court's September 13, 2016 order *sua sponte* reinstating Appellant's post-sentence and appellate rights *nunc pro tunc* was void because there was no pending PCRA petition requesting said relief. *Id.* at 21-22 (citing **Commonwealth v. Turner**, 73 A.3d 1283, 1285

n.2 (Pa. Super. 2013); ***Commonwealth v. Wright***, 846 A.2d 730, 734 (Pa. Super. 2004); 42 Pa.C.S. § 9545(a)).

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." ***Id.*** (citing 42 Pa.C.S. § 9545(b)(1)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** (quoting 42 Pa.C.S. § 9545(b)(3)). "[I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citation omitted and formatting altered), *appeal denied*, 216 A.3d 1044 (Pa. 2019).

The period to seek direct review expires thirty days after sentencing, unless a defendant files a post-sentence motion within ten days of the

imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1), (3). An untimely post-sentence motion does not toll the appeal period, even if the trial court disposes of the motion on the merits. ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 n.1 (Pa. Super. 2003) (*en banc*). Further, a post-sentence motion *nunc pro tunc* may toll the appeal period only if two conditions are met: (1) the defendant asks the trial court to consider the motion within thirty days of the imposition of sentence and (2) the trial expressly permits the filing of a post-sentence motion *nunc pro tunc* within thirty days of imposition of sentence. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (*en banc*).

It is well settled that a criminal defendant is not permitted to engage in hybrid representation by submitting *pro se* filings while represented by counsel. ***Commonwealth v. Willis***, 29 A.3d 393, 400 (Pa. Super. 2011). Therefore, a *pro se* filing submitted by a counseled defendant is a legal nullity. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016). Accordingly, a *pro se* document filed by a counseled defendant generally will not toll the time for taking an appeal. ***Id.*** (citing Pa.R.Crim.P. 576, Comment). This Court has recognized an exception to the ban on hybrid representation where a defendant is effectively abandoned by his counsel and

the trial court fails to appoint new counsel in a timely manner. ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015).

This Court has observed that it is improper for a trial court to s*ua sponte* reinstate a defendant's post-sentence and/or appeal rights *nunc pro tunc* in the absence of a properly filed PCRA petition requesting that relief. ***See Turner***, 73 A.3d at 1285 n.2 (concluding that the trial court's *sua sponte* reinstatement of the defendant's appellate rights was error); ***see also Wright***, 846 A.2d at 734 (holding that where a PCRA court's order only reinstated the defendant's direct appeal rights *nunc pro tunc*, there was no basis for the defendant to file a post-sentence motion *nunc pro tunc* and no authority for the trial court to entertain it); ***and*** 42 Pa.C.S. § 9545(a) (stating that "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under" the PCRA).

Here, the PCRA court held:

> In the instant case, this court erred in permitting the untimely post-sentence motions without a PCRA reinstating such rights. As such, the untimely post-sentence motions were not legally valid, and therefore did not toll the time for which [Appellant] had to file a timely PCRA. [Appellant] was sentenced on June 1, 2016. Because defense counsel did not file a timely post-sentence motion or direct appeal to the Superior Court, [Appellant's] judgment of sentence became final for PCRA purposes thirty (30) days after sentencing. Pursuant to 42 Pa.C.S.[] §9545(b), [Appellant] had until July 1, 2017 to file a timely PCRA petition. The instant petition was not docketed until February 23, 2018, and is therefore untimely on its face by more than a year and a half.

PCRA Ct. Op. at 5.

Based on our review of the record, we agree with the PCRA court that the trial court lacked the authority to *sua sponte* reinstate Appellant's post-sentence rights *nunc pro tunc*. **See Turner**, 73 A.3d at 1285 n.2; **see also Wright**, 846 A.2d at 73. The trial court imposed sentence on June 1, 2016. Trial counsel did not file a post-sentence motion or a notice of appeal. Further, because Appellant was represented by counsel, his *pro se* post-sentence motion was a legal nullity. **See Williams**, 151 A.3d at 623; **Nischan**, 928 A.2d at 355. As such, Appellant's conviction became final on July 1, 2016, and Appellant had until July 1, 2017 to file a timely PCRA petition. **See Ballance**, 203 A.3d at 1031. Therefore, the instant PCRA petition, filed on February 23, 2018, is patently untimely. **See** 42 Pa.C.S. § 9545(b)(1).

**Timeliness Under Section 9545(b)(1)(i)**

We now turn to Appellant's alternative claim that his PCRA petition is timely pursuant to government interference exception. Appellant argues that if the trial court erred in reinstating his post-sentence rights *nunc pro tunc*, the trial court's January 25, 2017 order denying the post-sentence motion *nunc pro tunc*, which included a notification of Appellant's appellate rights, constitutes government interference with the presentation of his PCRA claim. Appellant's Brief at 13-15. Appellant claims that the trial court led him to believe that the period for filing a timely PCRA petition began to run from a later date than it actually did. *Id.* Appellant contends that he timely filed an amended PCRA petition invoking the governmental interference exception within sixty days of the PCRA court's December 13, 2018 order directing him

to assert a timeliness exception, which he claims was the earliest date he could have raised the government interference exception. *Id.* Appellant also asserts that the PCRA court acknowledged its error in the December 13, 2018 order. *Id.* at 15.

The Commonwealth responds that the trial court did not interfere with Appellant's ability to bring a timely PCRA claim because the trial court denied Appellant's post-sentence motion prior to the expiration of the one-year period to file a timely PCRA petition. Commonwealth's Brief at 26. The Commonwealth also argues that Appellant became aware that the trial court lacked jurisdiction to entertain his post-sentence motion on January 24, 2017, when the Commonwealth raised that issue at the post-sentence motion hearing. *Id.* The Commonwealth reasons that because this occurred within a year of Appellant's conviction become final, the trial court did not interfere with Appellant's ability to file a timely PCRA petition. *Id.* Further, the Commonwealth argues that December 13, 2018 was not the date the sixty-day period to file a PCRA petition pursuant to the government interference exception began to run. *Id.* at 28-29.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[4]  It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered).

"The proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa. Super. 2019) (citation omitted and formatting altered), *appeal denied*, 229 A.3d 565 (Pa. 2020).

This Court has examined whether a trial court commits governmental interference with the presentation of a defendant's PCRA claim by hearing untimely post-sentence motions. ***See Commonwealth v. Ringgold***, 1247

---

[4] Moreover, a petition invoking any one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).  We note that the amended subsection (b)(2) providing that a petition must be filed within one year of the date the claim could have been presented applies only to claims arising on or after December 24, 2017. 2018 Pa. Legis. Serv. Act 2018-146 (West) (eff. Dec. 24, 2018).  Regardless of whether we use the sixty-day or one-year time limit, we conclude that Appellant's PCRA petition was timely filed.

EDA 2018, 2019 WL 2237057 (Pa. Super. filed May 22, 2019) (unpublished mem.).[5]  In **Ringgold**, the trial court entertained a counseled defendant's *pro se* post-sentence motion and the untimely post-sentence motions filed by counsel.  **Id.**, 2019 WL 2237057, at *1.  The trial court ultimately denied the motions on the merits.  On appeal, this Court quashed the appeal, concluding that the defendant's *pro se* post-sentence motion was a nullity and his counseled post-sentence motion and appeal were untimely.  **Id.** at *1, *3.  By the time this Court quashed the defendant's appeal, more than one year had passed since the defendant's conviction became final.  **Id.** at *3.

The **Ringgold** defendant then filed a PCRA petition in which he raised both the governmental interference and newly discovered facts exceptions to the PCRA's one-year time-bar.  **Id.** at *2-3.  This Court concluded that by improperly entertaining the defendant's *pro se* post-sentence motion and the untimely counseled post-sentence motions, the trial court interfered with the defendant's presentation of his PCRA claims.  **Id.** at *4 (citing **Commonwealth v. Smith**, 181 A.3d 1168 (Pa. Super. 2018); **Commonwealth v. Blackwell**, 936 A.2d 497, 500 (Pa. Super. 2007)).[6]  This

---

[5] Unpublished decisions of this Court filed after May 1, 2019, although not precedential, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2); **see also** 210 Pa. Code § 65.37(B).

[6] In **Smith**, the clerk of courts did not serve the defendant with a copy of the PCRA court's order denying his first PCRA petition.  When the defendant learned this, he filed a second PCRA petition invoking the governmental
*(Footnote Continued Next Page)*

Court further stated that "[u]nder the unique circumstances presented in this case," the defendant could not raise his ineffective assistance of counsel claims while his direct appeal was still pending. *Id.* The ***Ringgold*** Court, in relevant part, concluded that the PCRA petition was untimely because the defendant did not file it within sixty days of learning that this Court had quashed his direct appeal. *Id.* at *5.

Here, the PCRA court addressed Appellant's claim as follows:

In the instant petition, [Appellant] contends that this court's entry of the order granting [Appellant] the right to file untimely post-sentence motions, *sua sponte,* constitutes governmental interference, thereby establishing [Appellant's] entitlement to a review of the merits of his petition pursuant to 42 Pa.C.S.[] §9545(b)(1)(i). . . . [Appellant] was required to plead and prove that his failure to timely file the PCRA was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States . . . . . While this court had a role [Appellant's] failure to timely file the PCRA, [Appellant] was represented by counsel who knew or should have known that this court's action was in error. Defense counsel had the opportunity to file a PCRA alleging ineffectiveness by trial counsel, seeking to reinstate [Appellant's] post-sentence rights. As such, this court's actions were not the sole cause of [Appellant's] failure to timely file his PCRA.

PCRA Ct. Op. at 6 (some citations omitted and formatting altered).

---

interference timeliness exception. The PCRA court reinstated the defendant's appellate rights for his first PCRA petition. ***Smith***, 181 A.3d at 1173 n.2.

In ***Blackwell***, this Court held that the PCRA court erred in dismissing the defendant's subsequent PCRA petition as untimely, concluding that "the PCRA court's erroneous notification to Appellant that PCRA counsel had withdrawn [during the litigation of the defendant's first PCRA petition] amounted to governmental interference." ***Blackwell***, 936 A.2d at 500.

- 14 -

Here, the trial court denied Appellant's post-sentence motion on January 25, 2017, and Appellant did not file a direct appeal. The trial court erred by *sua sponte* reinstating Appellant's post-sentence rights and entertaining his untimely post-sentence motions, which created the impression that Appellant's conviction became final on February 24, 2017. The PCRA court acknowledged in its Rule 1925(a) opinion that the trial court erred in entertaining Appellant's post-sentence motions, but reasoned that Appellant's counsel should have realized the trial court's error and filed a timely PCRA petition. *See* PCRA Ct. Op. at 6. We disagree. Throughout the post-sentence proceedings, the trial court acted as if it had the authority to reinstate Appellant's post-sentence rights *sua sponte* and the post-sentence motions were timely filed. Appellant relied on the trial court's representation that he was proceeding in a timely fashion.

Further, although the Commonwealth argued that the post-sentence motions were untimely at the January 24, 2017 hearing, the trial court did not deny the motions as untimely. To the contrary, when the trial court denied the motions, it included a statement of Appellant's appellate rights, which would be unnecessary if the trial court had rejected the motion as untimely. *See* Order, 1/25/17. For these reasons, we conclude that the trial court's actions constituted government interference with the presentation of the claims in Appellant's PCRA petition. *Cf. Ringgold*, 2019 WL 2237057, at *4.

With respect to the sixty-day requirement, the PCRA court concluded that even if its actions did constitute government interference, Appellant's petition was still untimely, explaining that:

> This court's order granting [Appellant] the right to file untimely post-sentence motions was entered on September 13, 2016. [Appellant's] counsel would have had sixty (60) days from the entry of the Order erroneously extending [Appellant's] post-sentence rights. [Appellant] did not file the instant PCRA petition until February 23, 2018, clearly more than sixty (60) days from the date of this court's order. Given this failure to meet the sixty (60)-day time requirement, should the government interference exception apply, [Appellant] does not overcome the time bar as mandated by statute. 42 Pa.C.S.[] §9545(b)(1)(i).

*See* PCRA Ct. Op. at 7.

Based on our review of the record, we disagree with the PCRA court's conclusion. As discussed previously, the trial court appointed Attorney Walsh and directed him to file post-sentence motions *nunc pro tunc*. ***See*** Order, 9/8/16; Order, 9/13/16. At no point did the trial court indicate that the post-sentence motions were untimely filed. ***See*** Order, 1/25/17. Appellant did not file a direct appeal, therefore, this Court did not rule on the timeliness of the post-sentence motions. On December 13, 2018 order directing Appellant to file an amended PCRA petition raising a timeliness exception. ***See*** Order, 12/13/18. That was the first time any court even suggested that Appellant's conviction became final on a date other than February 24, 2017. Therefore, we conclude that December 13, 2018, was the earliest date that Appellant, acting with due diligence, could invoke the governmental interference exception. Accordingly, Appellant's amended PCRA petition, which raised the

governmental interference exception, was timely filed within sixty days of the PCRA court's December 13, 2018 order. ***See Albrecht***, 994 A.2d at 1094; 42 Pa.C.S. § 9545(b)(1)(i). Accordingly, we reverse the order of the PCRA court dismissing Appellant's petition as untimely, and we remand for further proceedings. ***See Lawson***, 90 A.3d at 4.

Order reversed. Case remanded for further proceedings. Application to amend notice of appeal denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/08/2021